CONSOLIDATED BUNGING APPARATUS CO. *v.* WOERLE.

(*Circuit Court, N. D. Illinois.* January 4, 1887.)

1. PATENTS FOR INVENTIONS—JOINT INVENTION—EVIDENCE.

The mere fact that two or more persons unite in an application for a patent, as the product of their joint inventive efforts, creates a very strong presumption that the device sought to be patented is the result of their united ingenuity, and to overthrow this presumption the evidence should be clear and unequivocal; citing *Gottfried* v. *Phillip Best Brewing Co.*, 5 Ban. & A. 9.

2. SAME—FORMAL DEFENSE.

The defense that two persons to whom a patent has been issued were not in fact joint inventors, is so purely formal that it cannot be regarded with favor, unless it be shown that the action of the patentees in that regard was disingenuous, or calculated to mislead the defendants; citing *Butler* v. *Bainbridge*, 29 Fed. Rep. 142.

3. SAME—WHO ARE JOINT INVENTORS.

If one conceives the entire invention, and another makes a suggestion of practical value which the first one failed to think of, but which is needed to make the conception a success, this will be sufficient to constitute them joint inventors.

4. SAME—PRIOR USE—PATENT RELATES BACK.

Where the defendant attempts to defeat a patent by showing that the patentee was not the original discoverer of the thing claimed, the patent will, for the purpose of meeting of such proof, be considered as relating back to the date of the original discovery; citing *Dixon* v. *Moyer*, 4 Washb. C. C. 68, and other cases.

5. SAME—WHAT CONSTITUTES.

An old device will not be considered sufficient to defeat a patent, when its construction is such that radical changes and additions would be required before it could be made to perform the work of the patented device satisfactorily.

6. SAME—THE ZWIETUSCH AND HEITMAN PATENT.

The distinguishing feature of the Zwietusch and Heitman patent of December 23, 1879, for automatic pressure relief apparatus for beer vessels, stated to be its water chamber or chambers, and such patent held to be valid, and to be infringed by the Woerle bungs.

In Equity.
*Banning & Banning*, for complainant.
*West & Bond*, for defendant.

BLODGETT, J.   The bill in this case charges infringement of patent No. 222,975, granted December 23, 1879, to Otto Zwietusch and Edward Heitman, (Zweitusch being assignee of Heitman,) for an "improvement in automatic pressure relief apparatus for beer vessels."   The object and scope of the invention, as set out in the specifications, is said to be "to provide an automatic pressure relief valve, adapted to be used on fermenting casks containing beer and like material, which will not foul, and whereby the automatic action of the valve is made more certain; and our invention consists—*First*, in a pressure relief apparatus provided with a mechanical fit valve, surrounded by a body of water; and, *secondly*, in a pressure relief apparatus having a body of water interposed between the pressure generator and a mechanical fit valve in the line of the escaping gas, and through which it passes.   *   *   *   In the overflow from beer barrels under fermentation is a thick adhesive material called 'hop tar,' which seriously interferes with the operations of any ordinary valve mechanism to which it has access.   Our device is particularly adapted to obviate this difficulty, for we surround the valve with a liquid medium, preferably water, whereby the hop tar is diluted, so as not to stick the valves.   *   *   *   We make no claim broadly, in this application, to holding beer, during the process of brewing, under an automatically controlled pressure, for any purpose, for such is not our invention."

Briefly described, the apparatus covered by the patent is an arrangement of pipes and water chambers, so that the gas from the fermenting beer will pass through a body of water on its way to the valve, and into and through another body of water, as it escapes through the valve, by which, as is claimed, the hop tar is so diluted as to prevent it from adhering to the valve and valve-seat, and thus obstructing that delicate and nice operation required to properly regulate the fermenting pressure.

Infringement is only insisted upon as to the first claim of the patent, which is:

"In an automatic pressure relief apparatus, a mechanical fit valve, in combination with a surrounding chamber, K, for containing water to prevent the valve fouling, for the purpose set forth."

The defenses interposed are (1) that the patentees were not joint inventors; (2) two years prior' public use; (3) that the first claim is void for want of novelty.

As to the first defense, the proof shows that Heitman conceived the idea of a device to accomplish the object of the apparatus, and had some experimental valves made which embodied the general features of the apparatus, but they did not work satisfactorily; the main difficulty being in getting the valve so seated that it would not leak when weighted only to resist the comparatively slight pressure of the gas in a fermenting cask.   To aid in overcoming the practical difficulties he had encountered, Heitman called in the assistance of Zwietusch, who suggested

a valve with a knife-edge bearing, working against a rubber packing in place of the flat or broad-seated bearing used by Heitman, and the proof shows that, by the adoption of Zwietusch's suggestion, the difficulty was overcome, and the apparatus worked successfully.

When two persons are jointly engaged in the work of invention, it must always be extremely difficult to determine how much of the successful result is due to each. The mere fact that two or more persons unite in an application for a patent as the product of their joint inventive efforts, certainly creates a very strong presumption that the device is the result of their united ingenuity. It may be that the conception of the entire device is due to but one of them; but the other makes a suggestion of practical value in working out the idea, and making it operative. But that suggestion may be the very thing the first one failed to think of, and which was needed to make the conception a success. As is most pertinently said by Judge Dyer in *Gottfried* v. *Phillip Best Brewing Co.*, 5 Ban. & A. 9: "To overthrow the presumption of joint invention created by the filing of a joint application upon a joint oath, the evidence should be clear and unequivocal." So in the case of *Butler* v. *Bainbridge*, 29 Fed. Rep. 142, lately decided by Judge Coxe, it is said: "The defense that two persons to whom a patent has been issued were not in fact joint inventors, is so purely formal that it cannot be regarded with favor, unless it be shown that the action of the patentees in that regard was disingenuous, or calculated to mislead the defendants."

It is urged that Zwietusch invented nothing, because, it is said, he took the mechanical fit valve or the knife-edge bearing valve found in the Slandeman patent of June 11, 1878, which was owned by himself, and put it into the Heitman device; but this seems to me to be enough. It is not claimed that Zwietusch invented the knife-edge bearing valve, and the claim of the patent is for the *combination* of such a valve with the water chambers which Heitman had invented. Heitman's water chamber alone, or with such a valve as he had used, was inoperative, although it may be said that the valuable feature of the invention was the water chambers; but it required the knife-edged valve, and the combination of this valve with what Heitman had done, to make the operative device shown in the patent. This seems to me to be clear proof of the joint efforts of the two patentees in the production of the complete machine.

The defense of two years' prior use rests on proof tending to show the use of valves operating with a water chamber to regulate the escape of gas from beer casks at Brand's brewery, in or near this city, and the proof only carries such use back to the eleventh of November, 1878, while the complainant's proof shows that the device covered by the patent was complete and in use as early as the twenty-first of September, 1878, and the application for the patent was filed December 7, 1878. This proof brings the case within the rule that, if the defendant attempts to defeat the patent by showing that the patentee was not the original discoverer of the thing patented, the patent will, for the purpose of meeting such proof, be considered as relating back to the original discovery. *Dixon*

v. *Moyer*, 4 Washb. C. C. 68; *Smith* v. *Goodyear D. V. Co.*, 93 U. S. 486; *Bates* v. *Coe*, 98 U. S. 34. *Reeves* v. *Keystone Bridge Co.*, 5 Fish. 462; *Draper* v. *Potomska Mills Corp.*, 3 Ban. & A. 215.

I will also add that this proof of prior use at Brand's brewery is extremely unsatisfactory, resting only in the unassisted recollection of the witness Walther. The valve which is shown to have been used at Brand's was evidently not organized or intended to be used with water in the pipes; and if Walther put water in the pipes of the valves so used at Brand's, as he swears he did, I think it must have been merely for experiment. At the time he says he so used this relief valve with water, the Zwietusch and Heitman device had become known to brewers, and was in use in Milwaukee, and probably had been shown to brewers in Chicago, and I think the effort was to make this old relief valve do the work for which the complainant's valve was intended.

As to the last point, that the first claim of the patent is void for want of novelty. The distinguishing feature of this patent, and what gives it utility, is the water chamber or chambers, through which the gas and other overflow of fermentation is passed on its way through the valve, by which the pressure is regulated, and thereby prevents the valve from sticking, and secures the nice and sensitive operation of the valve which is needed in order to secure the proper fermentation and finish of the beer. None of the devices referred to as anticipatory of this patent show this feature as a part of their construction. The old "relief valve" with which water may have been used, as I have before said, as an experiment after the complainant's device had become known, and the utility of water, or some liquid, to preserve the fluidity of the hop tar had become known, was evidently not designed or intended for the use of water. That to some extent it approximates to the form of complainant's device is obvious, but it is equally obvious that, had the idea of using water in connection with the valve for the purpose designed by this patent been in the mind of the constructor of this old valve, the form and arrangement of some of its parts would have been materially changed. As constructed and used to regulate the pressure of steam or water in a boiler or tank, it did not require a water chamber; and the suggestion that it becomes the complainant's device by filling the escape-pipes with water is one that only comes after the utility of the complainant's water chamber is shown by this patent. So that this relief valve, as constructed for use on a steam-boiler, or to relieve a water or steam pressure, does not, in my opinion, anticipate the complainant's device, and would undoubtedly require radical changes and additions before it could perform the work of the patented device satisfactorily.

As has been before said, this first claim is for a mechanical fit valve, in combination with the water chamber, and the record is barren of proof that a water chamber was ever used, or arranged to be used, around a valve for the purpose of this device, or that a water chamber and valve were ever used for the purposes of this patent, before Heitman began his experiments, which resulted in the Heitman-Zweitusch invention. With the proof before me, I think there can be only one finding

on this point, and that is that the combination of the valve and water chamber covered by this first claim was the invention of these two patentees.

From the tenor of the argument in behalf of the defendant, I conclude that it is, at least, tacitly admitted that the defendant's device is an infringement of complainant's patent. Complainant's proof shows the infringement, and I think it needs but an inspection by even an unskilled person to see that it contains a mechanical fit valve acting in combination with a water chamber. It is true the defendant's device contains only one water chamber, into which the gas escapes as it passes the lips of the valve, while the patent describes a device with a water chamber below and above the valve; but I think the change is merely colorable, and the defendant's device is certainly within the first claim of the patent. It certainly shows a mechanical fit valve in combination with a surrounding chamber for containing water, and this claim seems to me a valid claim under the proof.

There will be a decree finding that defendant infringes the complainant's patent as charged, and for an injunction and accounting as prayed.