BRYANT ELECTRIC CO. et al. v. ELECTRIC PROTECTION CO.

(Circuit Court, E. D. Pennsylvania. June 20, 1901.)

No. 37.

1. PATENTS—ANTICIPATION—MECHANICAL COMBINATION.
   A patent for a mechanical combination is anticipated by a prior device containing the same elements, although the inventor of the latter did not describe or appreciate the advantages of using the combination in the way pointed out in the patent.

2. SAME—OPERATION OF SPRING.
   As a mechanical movement, it is immaterial whether a spring works by contraction or extension; and a patent is anticipated by a prior

device essentially the same, except in the manner of operation of a spring.

8. SAME—ELECTRIC SWITCH.

The Cleveland patent, No. 391,512, for an electric switch, is void for anticipation.

In Equity. Suit for infringement of letters patent No. 391,512, granted to William B. Cleveland for an electric switch. Final hearing on bill, answer, and proofs.

John P. Croasdale, for complainant.
Ernest Howard Hunter, for respondent.

ARCHBALD, District Judge. It is admitted by the defendant's counsel that all the claims of the plaintiff's patent have been infringed except the fourth, but it is nevertheless contended that the bill cannot be maintained because the patent was anticipated by that of Combs and Rhodes in 1875. The whole patent consists in a mechanical movement by which, by the action of a spring by tension or compression, the contact bar is thrown from one side to the other as it is moved over the dead-center line, so as to make or break the electric contact by a quick snap movement, which prevents the electric current from jumping and burning the ends. As an electric device, it is, no doubt, eminently successful; but, if it is a mere adaptation, as I think it is, of that which was already known and patented, it is not entitled to protection. The declared object of the invention is "to provide an improved construction of spring movement for operating the contact bar, respectively, in its making or breaking circuit"; and the invention is said to consist, "broadly speaking, in combining together a primary actuating device and movable contact bar and a spring connected respectively with said two parts, said primary actuating device having a range of movement wherein the line of said two spring-connected points may pass respectively to opposite sides of the dead-center line of the spring movement, the spring being under compression or tension between the primary actuating device and the contact bar, thereby throwing the latter in a quick movement either to open or closed position accordingly as the line of spring power may be shifted to one side or the other of said dead center line." Stripped of particularity and verbiage, this is nothing more, in its mechanism or mechanical movement, than the Combs and Rhodes patent, the object of which, as stated, is "to form a combination of rods, levers, and spring which, by moving one lever past the dead point, will carry the opposite lever and rods to any point required." The essential thing in both is the snap spring action, throwing the lever or contact bar from one side to the other as the dead-center line is passed; and the adaptation of this to the opening or closing of an electric circuit cannot be said to be new. As held in Consolidated Bunging Apparatus Co. v. Metropolitan Brewing Co., 8 C. C. A. 485, 60 Fed. 93, a patent for a mechanical combination is anticipated by a prior device containing the same elements, although the inventor of the latter did not describe or appreciate the advantages of using the combination in the way pointed out in the

patent. See, also, Electric Co. v. La Rue, 139 U. S. 601, 11 Sup. Ct. 670, 35 L. Ed. 294. The only difference in any respect that I can discover between these two patents is that in the diagrams illustrating the Combs and Rhodes the spring is extended and works by contraction, while the patent in suit contemplates that it should work either by compression or extension. But, as a mechanical movement, it is immaterial whether it works one way or the other. The essential thing is the action of the spring when the dead-center line is crossed, and it matters not in which way this is obtained. Considering the patent, therefore, to have been anticipated by these, if not by other inventions in evidence, the suit must fall. Let a decree be drawn dismissing the bill, with costs.