### MACOMBER & WHYTE ROPE CO. v. HAZARD MFG. CO.

(Circuit Court of Appeals, Second Circuit. January 13, 1914.)

No. 96.

1. PATENTS (§ 66*)—SCOPE—LIMITATION BY PRIOR DEVICE.
    A patent does not cover a prior device, although it is within the terms of the patented device, and although its deviser did not appreciate its value for the purposes of the patent.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 79, 81; Dec. Dig. § 66.*]

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—WIRE ROPE.
    The Whyte patent, No. 952,161, for a nonrotating wire rope composed of two layers of strands wound in opposite directions around a core, construed, and *held* valid and infringed.

3. WORDS AND PHRASES—"CROSS-LAY"—"LAY."
    The "lay" of a strand of rope is the length of rope within which such strand makes one complete turn. The winding of the outer strands in a reverse direction to the inner strands is called "cross-lay."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, holding defendant to be an infringer of United States letters patent No. 952,161 issued March 15, 1910, to George S. Whyte for an "improvement in nonrotating wire rope."

MacFarlane & Monroe, of New York City (Robert Grier Monroe and Philip Burwell Goode, of New York City, of counsel), for appellant.

Miller & Merwin, of New York City (Timothy D. Merwin, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. In order to improve wire rope as it was then made, Whyte undertook to accomplish two useful results:

1. To reduce attrition by securing more points of contact of the rope with the sheave. This cuts no figure in the suit at bar.

2. To prevent rotation or spinning, when hoisting, a trouble caused by the tendency of a rope to untwist by turning on its longitudinal axis in a direction contrary to the one in which it was twisted. This trouble was apparently negligible when the lift was short, but became serious in a long lift—such as those in mine and elevator shafts where there are no guides (guide or guy ropes) to check the rotation. Whyte accomplishes this result by doing two things. He makes the rope in two layers, e. g., first the ordinary wire rope of, say, six strands wound around a core of yarn or wire. Then, around the first rope, treating it as a core, is wound another set of strands (12) of the same size wire. These are wound in a reverse direction to the first set—a method of winding which is called "cross-lay." When such a rope is hoisting, the inner portion tends to untwist in one direction, e. g., "clockwise"; and the outer portion tends to untwist in the reverse direction, e. g., "anti-clockwise." The theory is that these tendencies, which are thus opposed, will neutralize each other. But in practice they do not always do so; one tendency is stronger than the other and prevails, so that, although rotation is reduced, it is not eliminated. Merely "crossing" the lay, therefore, does not wholly solve the problem. The patentee went further, experimenting with overlaid ropes having different proportions of lay between inner and outer layer of strands. The "lay" of a strand is the length of rope within which such strand makes one complete turn; the "lay" varies in length according to the way in which the strand is applied to the rope. A short lay might be represented by a close helix, while a longer lay might be represented by a more open helix. If the wires are all of the same size or diameter, and all of exactly the same length, it is geometrically certain that when wound as above indicated the "lay" of the inner strands will be half the "lay" of the outer strands, expressed 1:2. Incidentally it appears that the tensile strength of a rope is greatest when all its strands are of the same length; then each strand does its full share of the work of holding the weight. If the strands are unequal, a greater burden is laid

211 F.—62

on the shorter strands and less on the longer ones, and the hoisting strength of the rope is reduced. When the "lays" of inner and outer strands vary in some other proportions than substantially one to two, the strands will be of unequal lengths.

The patentee investigated to discover what proportion of lay would produce opposing tendencies to untwist which would practically just about balance each other. He tried making ropes with ratio of lay of 1 to 2, 1 to 1.5, 2 to 1, 1 to 1, 1 to 3.2, and others, and determined that the torsion or opposed tendency of the two layers to untwist would be balanced or equalized by a proportion of 1 to 1.87.

The specifications contain the following statement:

"In order that the tendency of the two layers of strands to untwist or spin may neutralize each other, I give the strands b a considerably shorter 'lay' or twist than the strands c of the other layer, so that the relatively strong tendency of the inner layer to untwist shall be practically equalized by the weaker tendency of the larger number of strands in the outer layer to untwist in the opposite direction. As a specific example of such construction of rope in which the lay of the strands of the inner layer is sufficiently shorter than the lay of the strands of the outer layer to balance or equalize the torsion or tendency to untwist due to the greater number of strands in the outer layer, a ratio of 1 to 1.87 between the lay of the strands of the inner layer and that of the strands of the outer layer may be employed."

The claims are:

"1. In a wire rope, in combination, a core, a series of strands laid helically therearound and another series of similar strands laid helically around the first series in the opposite direction, each strand being composed of a plurality of wires laid helically together, the strands of the inner layer having such shorter 'lay' than those of the outer layer as will balance or neutralize their opposed torsional strains, as and for the purpose specified.

"2. A wire rope comprising, in combination, a layer composed of a plurality of strands laid helically in contact with each other, each strand being composed of a plurality of individual wires laid helically with relation to each other, and an outer layer of approximately twice as many similar strands helically and oppositely laid thereon, the strands of the inner layer having such shorter lay or twist than the strands of the outer layer that their tendency to untwist will neutralize the tendency of the outer layer of strands to untwist in the opposite direction."

When he applied for his patent, Whyte apparently believed that he was the first one to discover that the tendency of a wire rope to untwist could be neutralized, by surrounding it with a second layer of strands laid reversely or "cross-lay." His two original claims, therefore, covered only the use of an outer reversely wound layer of strands, without any statement of the ratio of lay required to produce the result. Original claim 1 read as follows:

"1. In a wire rope combination of a central core, a plurality of strands each composed of a plurality of single wires twisted together wound spirally about said central core and a plurality of other wire strands each composed of a plurality of single wires twisted together wound spirally in the opposite direction about said first mentioned strands and in direct contact therewith."

Thereafter his attention was called to earlier patents in which (as in Cheeseman, British 1770 of 1880) it was suggested that a "nontwisting" rope could be produced by laying a series of outer strands in an opposite direction to the series of inner strands. He thereupon

amended his specifications by inserting the clause, as to proportions, above quoted, and amended his claims to the form finally allowed by the Patent Office.

[1] Whyte certainly made a contribution to the art, because although prior patents and publications had pointed out that the tendency of a rope to untwist might be reduced by making it with two groups of strands, one overlaying the other and wound so that the tendency of rotation of the two groups was in opposite directions, no one had pointed out that a particular proportioning of lay would sesure practical nonrotation. He is entitled to claims which will protect his invention and disclosure. By their terms the claims are confined to combinations in which the inner layer has a shorter lay than the outer; and they cannot be construed to cover a rope of the prior art in which there is shown two layers reversely wound with a precisely indicated proportion of lay. So far as such a rope would operate to reduce torsion due to untwisting, it would not be covered by this later patent, even though the prior deviser of such rope did not himself appreciate the philosophy of balancing tendencies by proportioning the lays. See our opinion in Mosler Company v. Lurie, 209 Fed. 364, 126 C. C. A. 290 (November, 1913), referring to our opinion in Consolidated Bunging Case, 60 Fed. 93, 8 C. C. A. 485.

[2] Such a rope is shown in the prior German publication "Die Drahtseile." It describes a rope which is "overbraided"; that is, a certain number of strands are laid over a center already braided. The strands are to be all of the same kind, and there are to be twice as many strands in the over layer as there are in the center layer. Moreover, all the strands are to be exactly the same length, which, according to the law of geometry above referred to, instructs the reader that the proportion of lay must be 1 to 2. The testimony indicates that a rope so made would to some extent eliminate the tendency to torsion, although not as completely as does the combination of the patent. It would have somewhat greater tensile strength, because all the strands are of the same length. Every one is free to use the rope of this German publication, although its author may not have understood fully why it was that it was itself an improvement on single layer ropes. The claims can be sustained only by reading into them an exception which will leave this German rope with its exact proportion of 1 to 2 outside of their scope.

The testimony satisfies us that defendant has made and sold wire rope with two layers of strands reversely wound and having a proportion of lay of 1 to 1.8. This is an infringement, and the decree is sustained, with costs of this appeal.