## MACOMBER & WHYTE ROPE CO. v. AMERICAN STEEL & WIRE CO.

## AMERICAN STEEL & WIRE CO. v. MACOMBER & WHYTE ROPE CO.

(Circuit Court of Appeals, Third Circuit.    September 19, 1921.)

Nos. 2646, 2647.

1. **Patents ⊗⟫328—953,161, for nonrotating wire rope, held valid, but not infringed.**
    The Whyte patent, No. 953,161, for a nonrotating wire rope, *held* valid, but not infringed.

2. **Patents ⊗⟫328—883,759, for nonrotating wire rope, held not infringed.**
    The Tangring patent, No. 883,759, for a nonrotating wire rope, *held* not infringed.

Appeal from the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Suit in equity by the Macomber & Whyte Rope Company against the American Steel & Wire Company. From the decree, both parties appeal. Affirmed.

Francis C. Lowthorp, of Trenton, N. J., and Pennie, Davis, Marvin & Edmonds, of New York City (Wm. B. Morton, of New York City, of counsel), for plaintiff.

D. Anthony Usina, of New York City, for defendant.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. The Macomber & Whyte Rope Company instituted proceedings against the American Steel & Wire Company for alleged infringement of its patent, No. 953,161, issued to George S. Whyte March 15, 1910. The American Steel & Wire Company filed the usual defense of anticipation and lack of novelty, and a counterclaim in which it charged that complainant infringed its patent, No. 883,759, applied for by Olaf Tangring on October 4, 1907, and assigned to American Steel & Wire Company April 7, 1908. The court decreed that the Whyte patent was valid, but not infringed by the respondent, and dismissed the bill. It further decreed that the Tangring patent was invalid, and dismissed the counterclaim. Both parties appealed, and both appeals will be disposed of in this one opinion.

[1] The invention in both patents relates to the construction of nonrotating wire ropes, used generally in mine and elevator shafts, where there are no guides to prevent rotation, which becomes serious in long lifts. Such a rope as usually made comprises a central strand or core of hemp, an inner layer of 6 strands of wire wound helically in one direction about the core, and an outer layer of 12 strands thus wound in the reverse direction about the inner layer as a core. When such a rope is hoisting, the layers tend to untwist in opposite directions, and thus neutralize each other, and the rope will not rotate if the ratio between the layers is such that they counterbalance each other. The lay of a strand is the distance within which the strand will make a complete turn around the axis of the rope, or, more exactly, the distance

---

from the crown of the strand at one turn to the crown of the strand at its next turn. In order that the tendency of the layers to untwist may neutralize each other, the inner must have a considerably shorter "lay" or twist than the outer.

"If the wires are all of the same size or diameter, and all of exactly the same length, it is geometrically certain that, when wound as above indicated, the 'lay' of the inner strands will be half the 'lay' of the outer strands, expressed 1:2." Macomber & Whyte Rope Co. v. Hazard Manufacturing Co., 211 Fed. 976, 128 C. C. A. 474.

After considerable experimentation, Whyte concluded that the correct ratio of the lays best suited to prevent rotation was 1:1.87, and so introduced this ratio into his patent. Whyte thought he was the pioneer in this art of ropemaking, and so did not include a ratio in his patent as first filed, but upon having his attention called to earlier patents, in which it was suggested that nonrotation could be produced by winding an inner and outer layer in opposite directions, it became necessary for him to fix a ratio. The real question upon which this case hinges is whether or not, having incorporated a definite ratio between the lays, the patent is limited to that precise ratio or a "trifling variation" therefrom.

While others had indicated that rotation in ropes might be reduced or eliminated by winding layers in reverse directions, Whyte was the first to suggest a definite ratio of the lays, and thus secured a patent, notwithstanding the disclosures of the prior art. By stating a definite ratio, and standing on that position, he avoided the difficulties which the disclosures of the prior art put in his way. That his patent is based upon the ratio fixed by him as indispensable is shown by the file wrapper. His application was filed November 1, 1906, but the patent was not issued until March 15, 1910, and after the "preferred ratio of lay" had been inserted in the specification on the suggestion of the "primary examiner" on January 4, 1910. Whyte doubtless thought that the ratio of 1:1.87, or a small variation therefrom, was the best, if not the only, one that would produce a workable nonrotating rope. In order to avoid the disclosures of the prior art and secure a patent, Whyte accepted this limitation of a definite ratio and now is bound by it. To hold the patent valid, and not anticipated, this is necessary. Macomber & Whyte Rope Co. v. Hazard Manufacturing Co., 211 Fed. 976, 128 C. C. A. 474, supra. We find ourselves in agreement with the learned trial judge and the Circuit Court of Appeals for the Second Circuit. The defendant's rope has a ratio of lay according to complainant's testimony of 1:1.72 and according to defendant's testimony of 1:1.71. This is more than a "trifling variation" from 1:1.87, and therefore the defendant does not infringe, and complainant's bill will be dismissed.

[2] In its counterclaim the respondent charged the complainant with infringing its Tangring patent. This patent, neither in the specification nor claims, discloses any ratio of lay whatever. It is evident that the rope of the complainant does not infringe the Tangring patent. The learned trial judge did not in his opinion discuss, except inferentially, the validity of this patent but in his decree he adjudged it to be invalid. Yet the logical conclusion of both his opinion and Judge Lacombe's,

of the Second Circuit, in the Hazard Case, supra, would seem to indicate the invalidity of that patent. It does, however, exhibit some differences of construction from the other prior art patents, and we do not find it necessary to pass upon its validity in deciding this appeal. It is only necessary to decide that the complainant does not infringe it.

We therefore affirm the dismissal of the counterclaim on the ground of noninfringement of the patent. Accordingly, the decree of the District Court, in dismissing the bill and counterclaim, is affirmed.