## REUCKHEIM BROS. & ECKSTEIN v. D. L. CLARK CO.

(Circuit Court of Appeals, Third Circuit. December 29, 1921. Rehearing Denied June 29, 1922.)

### No. 2714.

Patents ⬅328—881,561, for waxed candy labels, held anticipated.

The Eckstein patent, No. 881,561, for a paper supersaturated with wax in which to wrap candy and pop corn, was void for anticipation, in view of the provision of the specification that the quantity of the paper and the per cent. of wax might be varied, even if a patent for the particular kind and weight of paper and the fixed per cent. of wax used by the patentee could have been sustained.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Suit for infringement of patent by Reuckheim Bros. & Eckstein against the D. L. Clark Company. Decree for defendant, and complainants appeal. Affirmed.

Fisher, Towle, Clapp & Soans, of Chicago, Ill., and Kay, Totten & Brown, all of Pittsburgh, Pa. (George P. Fisher, Russell Wiles, and Harry L. Clapp, all of Chicago, Ill., of counsel), for appellant.

S. T. Cameron, of Washington, D. C., F. W. Winter, of Pittsburgh, Pa., and Frederick A. Blount, of Philadelphia, Pa. (W. B. Kerkam, of Washington, D. C., of counsel), for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and MORRIS, District Judge.

DAVIS, Circuit Judge. This is an appeal from a decree of the District Court for the Western District of Pennsylvania holding letters patent No. 881,561 invalid for want of invention. The patentee sought to make a paper in which to wrap candy and pop corn, so that the package, when sealed, would be moisture proof and air-tight. The paper was made by supersaturating it with wax, so that it was impregnated throughout and had a surface coat sufficiently heavy to seal the folded portions when heated.

Application for the patent was made December 6, 1904, and it was issued March 10, 1908. As a matter of fact, long before application was made by Eckstein for the patent in question, numerous persons had made and used waxed paper for wrapping candy, pop corn, and other articles, in order to protect them from moisture and air. At Chicago F. A. Michelman in 1876 was in the pop corn business, and put up ground pop corn in boxes wrapped in waxed paper sealed by hot plates. The Garden City Pop Corn Works, of Chicago, nine years before the patent was issued, wrapped pop corn bricks in waxed paper and sealed them by machine. The evidence shows that bread and other articles were wrapped in waxed paper in many parts of the country, for the purpose of protecting them against moisture and air, so that they would be preserved in a fresh condition.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It is apparent that the patentee did not originate the idea of preserving candy and pop corn by protecting them from moisture and air by wrapping them in waxed paper and sealing them. If the patent discloses invention, it is in the kind of paper selected and the quantity of wax used to saturate it. The patentee says:

"I prefer a manila or parchment paper weighing, when unwaxed, from 25 to 40 pounds per standard ream, and after waxing about 60 to 80 pounds, so that it is about half wax."

The patentee alleges that this is the proper ratio in weight between the paper and wax and will give the best results. He is the first to suggest this proportion. If he had planted himself in his application for a patent upon this definite ratio, or a trifling variation therefrom, and stood on it, the patent might have been valid. Macomber & Whyte Rope Co. v. Hazard Manufacturing Co., 211 Fed. 976, 128 C. C. A. 474; American Steel & Wire Company v. Macomber & Whyte Rope Co., 276 Fed. 286 (decided by this court, March term, 1921). But we are not called upon to decide, and do not decide, that question, for, after disclosing the preferred paper and the ratio in weight between it and the wax, the patentee, in the last paragraph of his specification, said:

"Obviously, the package may be formed by aid of any suitable means, and ordinary stiff and flexible papers may be employed, respectively, for the inner supporting carton and the flexible sealing wrapper. The details set forth of waxing the latter and the percentage of wax, is given for guidance only, and may be varied to suit different circumstances, and other details may be changed without departure from the essential of the invention."

As we view it, "the essential of the invention" was the definite ratio between the preferred paper and the wax. The patentee thus abandoned the necessity for the preferred paper and the ratio between it and the wax, and thus lost whatever he gained or might have gained by adherence to the definite ratio, so that, according to his final contention, if a person uses any kind of stiff and flexible paper and any percentage of wax in making a moisture and air-tight package, he still comes within the disclosure of the patent and infringes. We cannot agree with this conclusion. The patent as thus broadened was anticipated and is invalid.

The order of the district court will be affirmed.