## CHALMAN v. DE VOE.

(Court of Appeals of District of Columbia. Submitted January 10, 1922. Decided February 6, 1922.)

No. 1462.

1. Patents ⬤‍91(1)—Junior applicant has burden of proof in interference proceeding.

In interference proceedings, the junior party has the burden of proof.

2. Patents ⬤‍113(7)—Judgment of office tribunals on question requiring knowledge of drawings is entitled to great weight.

Where the question whether drawings of the senior party in interference proceedings, in connection with the statements in the specifications, disclosed the claims in issue was very close and its determination required a thorough knowledge of drawings, supplemented by the ability to apply specifications to drawings, as to which the Patent Office tribunals were experts, their judgment is entitled to great weight.

3. Patents ⬤‍113(7)—Concurrent findings of three tribunals as to priority not reversed unless clearly wrong.

Where the three tribunals of the Patent Office concurred in holding that the senior party was the prior inventor, their finding will not be reversed unless it appears to be clearly wrong.

Appeal from the Commissioner of Patents.

Interference proceedings between John E. Chalman and Albert H. De Voe, senior applicant. From a decision of the Commissioner of Patents awarding priority to the senior applicant, the junior applicant appeals. Affirmed.

C. L. Sturtevant and E. G. Mason, both of Washington, D. C., for appellant.

Gifford & Bull and George F. Scull, all of New York City, for appellee.

SMYTH, Chief Justice. This is an interference proceeding relative to an attachment for sewing machines having a folding device for use in forming a hem around the edge of a circular garment. Counts 1 and 4 illustrate the four counts of the issue. They read thus:

---

⬤‍For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

1. In combination with stitch-forming mechanism, a hemmer having a hem folding cavity defined by an upwardly turned guide-wall terminating in an overhanging flange and an oppositely arranged guide-wall and lip, said lip being lower than said overhanging flange and retractable whereby a circular hem may be completed without stopping the stitch-forming mechanism.

4. In a hemmer having a hem-cavity, a lip defining a portion of said hem-cavity and means including a spring for permitting said lip to be bodily retracted horizontally to enable the uninterrupted completion of a circular hem.

[1] Chalman is the junior party, and therefore has the burden of proof. He moved to dissolve the interference on the ground that De Voe could not make the claims of the issue. There were five counts at that time. His motion was sustained by the law examiner, who was overruled on appeal by the Board of Examiners in regard to all the claims save No. 1. No appeal was taken with respect to the ruling on the last-named claim, and the original counts 2 to 5 were renumbered 1 to 4, inclusive, which now constitute the claims of the issue.

As to De Voe's right to make the claims, it is contended that he cannot do so because the movable lip shown in his application is not so arranged as to be in the line of stitching when the stitching of the hem is nearly completed, and that this lip is movable only for the purpose of permitting the work to be withdrawn from the attachment. In De Voe's original application occurs this:

"When the hem is completed, retraction of guide plate 19 will expose the hem cavity and permit the work to be withdrawn from the attachment, as will be understood without further explanation."

The law examiner, basing his conclusion largely upon this statement, said that since De Voe's drawing did not unmistakably disclose the construction and operation covered by the counts, it must be held that the statement governed, and consequently he sustained the motion to dissolve.

The examiners in chief did not attach as much importance to the statement as did the law examiner. They held that the drawing illustrates a structure which forms the seam at the edge of the hem so that the lip 19 must be retracted before the hem can be completed. They further pointed out that there are other statements which are inconsistent with the one relied on by the law examiner, and which tend to support the drawings, and from a consideration of the drawings and the statements they reached the conclusion that De Voe was entitled to make the claims. The matter then went back to the examiner of interferences, who, of course, followed the judgment of the examiners in chief with respect to the right to make the claims, and, having decided that Chalman had failed to overcome De Voe's date, awarded the latter priority. Upon appeal from his decision the examiners in chief again thoroughly considered the question of De Voe's right to make the claims, but refused to recede from their former holding. For substantially the same reasons as those given by the examiners in chief, the Commissioner affirmed their decision.

[2] The question involved is very close. To determine it requires a thorough knowledge of drawings, supplemented by the ability to apply specifications to drawings. The Patent Office tribunals are expert in this line, and their judgment is entitled to great weight. We have

studied the case in the light of the arguments made in behalf of Chalman, and we believe that the conclusion of the Commissioner is correct.

[3] Concerning the question of priority, the three tribunals of the Office concurred in holding that De Voe was the prior inventor. We will not reverse such a finding, according to our well-established rule, unless it appears to be clearly wrong (Flora v. Powrie, 23 App. D. C. 195; Bourn v. Hill, 27 App. D. C. 291; Gammeter v. Thropp, 42 App. D. C. 564; Jobski v. Johnson, 47 App. D. C. 230), and it does not appear so in this case.

The decision of the Commissioner of Patents is affirmed

Affirmed.