## CLEMENT v. McQUARRIE et al.

(Court of Appeals of District of Columbia. Submitted January 10, 1922. Decided February 6, 1922.)

No. 1464.

1. **Patents ⚖113(7)—Decision of three office tribunals sustained unless clearly wrong.**

   Where the three tribunals of the Patent Office concurred in a finding in interference proceedings, the opposing party cannot prevail on appeal unless he establishes clearly and convincingly that the Commissioner was wrong.

2. **Patents ⚖92—Objection joint applicants did not show joint conception is technical.**

   A contention in interference proceedings that joint applicants had failed to establish joint conception is technical and is not favored by the law.

3. **Patents ⚖91(1)—Joint invention presumed from joint application.**

   A presumption of joint invention arises from the filing of joint application, which cannot be overcome except by clear and unequivocal evidence.

4. **Patents ⚖91(4)—Evidence held to show joint invention by joint applicants.**

   Evidence that joint applicants were employed by the same company and that they began working together on the device prior to the conception by the adverse party in interference proceedings *held* to establish a joint conception by them prior to the conception of the adverse party.

5. **Patents ⚖91(4)—Evidence held to show diligence by prior inventors.**

   Evidence that prior inventors were preparing their applications at the time the subsequent inventor entered the field and continued their efforts in that direction without unreasonable delay, though they may not have pursued the most expeditious course, shows reasonable diligence, which is all they were required to exert.

6. **Patents ⚖113(7)—Diligence is a question of fact.**

   Whether there was diligence by the senior inventors is a question of fact, as to which the concurrent findings of the three Patent Office tribunals will not be reversed unless palpably wrong.

---

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the Commissioner of Patents.

Interference proceedings between Edward E. Clement and James L. McQuarrie and another. From a decision of the Commissioner of Patents awarding priority to McQuarrie and another, Clement appeals. Affirmed.

Horace A. Dodge, of Washington, D. C., and William G. McKnight, of New York City, for appellant.

J. G. Roberts and G. Willard Rich, both of New York City, for appellees.

SMYTH, Chief Justice. Clement complains of a decision of the Commissioner of Patents in an interference proceeding involving semi-automatic telephone systems. The issue consists of 28 counts, of which the following are examples:

1. In a telephone exchange system, the combination with a number of operators' connecting circuits, of mechanical line switching mechanism for each connecting circuit adapted to connect said circuit with the desired line, a controller for operating any one of said mechanisms, means for associating said controller with any one of said connecting circuits to operate its individual switching mechanism, and means actuated when said controller is taken for use by one connecting circuit for automatically locking out the other circuits therefrom.

2. The combination with a plurality of connecting circuits, of switching mechanism associated therewith, a sending device, said circuits being all normally in operative relation to said sending device, and electromagnetic means operated when said sending device is taken for use by one circuit for removing the remaining circuits from operative relation to said sending device.

13. The combination with a plurality of connecting circuits of switching mechanism associated therewith, a series of sending mechanisms, and means whereby the first idle sending mechanism of the series may be automatically associated with any one of said circuits.

14. The combination with a number of connecting circuits, of a mechanical line switching mechanism for each circuit, a series of sending mechanisms, and means whereby the first idle sending mechanism may be automatically associated with any one of said circuits taken for use.

[1] There are two applications of McQuarrie and Bullard's, and one of Clement's. McQuarrie and Bullard's first was filed September 27, 1906, and the second, February 5, 1907. It is conceded that Clement is entitled to March 15, 1906, as the date of his conception and constructive reduction to practice. The three tribunals of the Patent Office found against Clement. He cannot prevail here unless he establishes clearly and convincingly that the Commissioner was wrong. Chalman v. De Voe, —— App. D. C. ——, 278 Fed. 585, this day decided. Clement took no testimony, but stood on the date just mentioned. He challenges the correctness of the Commissioner's decision upon two grounds, namely: (a) That McQuarrie and Bullard failed to establish joint conception prior to his date; and (b) that, if they did establish it, they were not diligent when he came into the field.

[2] The first contention is technical, and is not favored by the law. Sieber & Trussel Manufacturing Co. v. Chicago Binder & File Co. (C. C.) 177 Fed. 439; De Laski & Thropp Circular Woven Tire Co.

v. William R. Thropp & Sons Co. (D. C.) 218 Fed. 458; Selectasine Patents Co. v. Prest-O-Graph Co. (D. C.) 267 Fed. 840.

[3] There is a presumption of joint invention flowing from the filing of a joint application which cannot be overcome except by clear and unequivocal evidence. Consolidated Bunging Apparatus Co. v. Woerle (C. C.) 29 Fed. 449; Selectasine Patents Co. v. Prest-O-Graph Co., supra; Lemp v. Randall, 33 App. D. C. 430; Yemiker v. Nesbitt, 48 App. D. C. 250.

[4] Moreover, there is testimony, apart from the applications, that supports the conclusion of joint invention. At the time when it is said the invention was conceived by them they were employed by the Western Electric Company. McQuarrie was in charge of telephone exchange development, and Bullard was a telephone engineer who reported to him. McQuarrie said that he and Bullard began to work together on semi-automatic systems in the latter part of 1904 or early in 1905; that in 1904 they had formed some idea with regard to the equipment, prepared some circuits, and made a few demonstrations in the laboratory; and that the system described in the joint applications involved in this case gives a detailed description of the one they were working on at that time. Nothing in the record is sufficient to overcome the effect of the applications coupled with this testimony, nor even of the applications when taken alone.

[5] With respect to the question of priority, it is clearly established that McQuarrie and Bullard had knowledge of the invention before March 15, 1906. This is not seriously denied. As to their diligence, the record shows that they were at work preparing their applications before and at the time Clement entered the field, and continued their efforts in that direction without unreasonable delay until their applications were filed. Perhaps, as was observed by the examiner of interferences, they did not pursue the most expeditious course, but they were doing something towards the end in view from the date of conception until the cases were actually filed. Being the first to conceive, they were not required to exert more than reasonable diligence. Dickinson v. Swinehart, 49 App. D. C. 222, 263 Fed. 474. There is no analogy between the present case and Clement v. Roberts (App. D. C.) 273 Fed. 757. There the court found that Roberts did nothing for nearly nine months upon the invention in issue. He devoted his time to an improvement not called for by the claims of the interference.

[6] Whether there was diligence is a question of fact. We certainly cannot say on this record that the concurring opinions of the three tribunals of the Patent Office on this question are palpably wrong. Thomson v. Pearsons, 50 App. D. C. 273, 270 Fed. 1013; Anglada v. Moyer, 50 App. D. C. 395, 273 Fed. 359.

The decision of the Commissioner of Patents is affirmed.

Affirmed.