KANE v. STEINMETZ et al.

(Court of Appeals of District of Columbia. Submitted November 14, 1922. Decided January 2, 1923.)

No. 1510.

Patents ⬤⟹91(4)—Evidence held to show joint invention by joint applicants.
Evidence that joint applicants, working together, conceived of a patentable improvement prior to the conception by the adverse parties in interference proceedings, held to show joint invention by joint applicants.

Appeal from the Commissioner of Patents.

Interference proceedings between John J. Kane and Charles P. Steinmetz and another. From a decision awarding priority of invention to the latter parties, Kane appeals. Affirmed.

G. F. De Wein, of Milwaukee, Wis., and John J. Kane, of Washington, D. C., for appellant.

A. G. Davis and A. E. Bobst, both of New York City, for appellees.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals in an interference proceeding awarding priority of invention to Steinmetz and Standerwick.

The invention relates to turbine-driven dynamos designed primarily to furnish current for headlights on locomotives. One of the problems to be solved was to provide a suitable regulator, which would control the speed of the turbine under the various conditions of use. Of the seven counts of the issue, the first sufficiently illustrates the invention, as follows:

"1. A generator connected to supply energy to a variable load, means for driving said generator, a second load element normally inoperative and operable by said driving means, said second load element comprising a disk of conductive material mechanically connected to the shaft of said generator-driving means and means for creating a magnetic field through said disk, and means responsive to variations in load on said generator for varying the intensity of said magnetic field."

October 20, 1914, was the earliest date of conception awarded Kane on any of the counts, and the evidence justified no earlier date. In May of 1914 Standerwick designed an apparatus which, however, was not entirely satisfactory. Early in September following, he was sent by his company to Schenectady, N. Y., for the purpose of consulting with Steinmetz. Within a few days the device of the issue was conceived, and this, admittedly, is a patentable improvement over the earlier Standerwick conception. The tribunals of the Patent Office have alluded to the large number of these devices thereafter manufactured, sold and successfully operated, and we shall not review the evidence. Suffice it to say that it is of a convincing character.

The application for patent was by Steinmetz and Standerwick, and Standerwick in his testimony stated that Steinmetz was jointly responsible for the invention. In the circumstances, that was quite sufficient. Lemp v. Randall, 33 App. D. C. 430; Yemiker v. Nesbitt, 48 App. D. C. 250; Clement v. McQuarrie, 51 App. D. C. 278, 278 Fed. 587.

We agree with the Patent Office that Steinmetz and Standerwick were joint inventors, were first to conceive, first to reduce to practice, and that they exercised diligence from the date of their conception to the time they filed their application.

The decision is affirmed.

Affirmed.